UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re. Gary S. Hann,  
    Debtor.  
_____/

Case No. 12-53719  
Hon. Steven W. Rhodes  
Chapter 13

OBJECTION TO MOTION TO STRIKE MOTION; FOR SANCTIONS
AND DISMISSAL OF CREDITOR YPSILANTI'S CLAIM
OR FOR LEAVE TO FILE AN ADVERSARY ACTION

    Now comes City of Ypsilanti Michigan (herein "Respondent") by and through counsel and submits its objection to Debtor's motion for multiple relief.

1. Respondent denies the allegation of paragraph 1 and states that it has complied with appropriate Local Bankruptcy Rule, denies allegations of fraud or frivolous motion as unsubstantiated. Further, prior to Debtor filing his motion counsel for Respondent exchanged several communications requesting Debtor identify how Respondent's motion was deficient. Debtor refused to replay or cite any specific rule or deficiency.

2. The allegation in paragraph 2 is merely a prayer for relief and requires no answer.

3. Admitted.

4. Admitted.

5. Respondent denies any request for concurrence. Rather Debtor contacted counsel to threaten the pending motion to strike and refused to provide any response to how such motion was appropriate or what deficiency existed in Respondent's pending motion to dismiss.

6. Paragraph 6 merely states a conclusion without facts or citation and thus requires no answer.

7. Paragraph 7 fails to state a basis for Debtor's motion. The caption complained of is compliant with current court rules. Debtor's address a Post Office Box is part of the public record.

8. Admitted that Respondent's signature block may incorrectly indicate "attorney for Debtor", however, such is merely a typographical error and does not itself change

the merits of Respondent's motion to dismiss.  No material confusion is likely to have been incurred as a result of the error.

9. Paragraph 9 alleging inconsistent addresses and contact for Respondent's counsel is immaterial and not grounds to strike the motion.  Counsel maintains two offices and communicate with either is appropriate.  This is hardly "unlawful" as Debtor alleges.

10. Denied.  The motion filed complies with LBR 9014-1 and has a proposed order as Exhibit 1.

11. Denied.  The motion filed complies with LBR 9014-1 and was served with a proper Notice of Opportunity to Object and Have a Hearing.

12. Denied for the reason that the Notice (which Debtor apparently denied receiving in paragraph 11 above) gives adequate notice.  Further, the court *sui sponte* set the matter for hearing and rather than the Debtor having filed an objection or answer to Respondent's motion, Debtor has chosen to file his motion to strike instead.

13. Denied.  Debtor received appropriate notice.

14. Respondent did not formally request concurrence in that in light of contemporaneous correspondence it was effectively denied as further evidenced by Debtors combination motion here.

15. Paragraph 15 is neither admitted nor denied for the reason that Respondent does not understand the allegations contained therein.

16. Paragraph 16 muses about no deficiency notice, however, Respondent suggests this is because the Clerk found the pleadings to be correct and appropriate.

17. Paragraph 17 is denied for the reason that Debtor conflates rules appropriate to ongoing litigation with a motion to dismiss a Chapter 13 case where Debtor is in material default of his own plan.

18. Denied as the facts alleged – i.e. that Debtor has failed to make payment as required under the confirmed plan – is sufficient for the Court to grant the relief requested.  Further, counsel for Respondent *prior to this motion to strike being filed* provided Debtor with a copy of 11 U.S.C. §1307 with the grounds for dismissal in this case highlighted.

19. Paragraph 19 is denied. The motion clearly states the factual grounds for dismissal. Debtor has yet to deny that he is in default of the plan and has made no effort to modify the plan notwithstanding counsel's amicable suggestion to do so.
20. Again, denied as Debtor confuses the civil rule for dismissal of pending litigation with that of a serious default in his confirmed Chapter 13 Plan.
21. Admitted as to the re-statement of Respondent's language in its motion, however, the clear context is that no payment has been made upon Debtor's obligation for DIRECT payment. The fact that Debtor has made payments to the Trustee has no bearing upon whether or not he has paid <u>anything</u> upon his obligation to Respondent.
22. Respondent references its answer in paragraph 21 here.
23. Denied in part and admitted in part. The parties did enter <u>negotiation</u> to settle a $10,000 sanction awarded to the City of Ypsilanti by the Michigan Court of Appeals, however, Respondent did not finalize the agreement for the reason that Debtor was already in non-compliance with the agreement. Further, the "agreement" presented as attached to Debtors motion was drafted by him, contained additional terms and was rejected by Respondent. Respondent was under no obligation to finalize the agreement. Accordingly, the allegation of "fraud upon the court" is both incorrect and offensive.
24. Since no agreement was finalized Debtor cannot rely upon the interim negotiation as a basis for his motion.
25. Debtor appears to be relying upon a verbal agreement as to basic terms that by the time was set to paper he had already violated.
26. The allegation of paragraph 26 is without merit in that Debtor admits that the formal agreement was not entered into and in any event is outside the scope of a motion to strike.
27. Admitted
28. The prior filings of Respondent were withdrawn.
29. The prior filings of Respondent were withdrawn and no request regarding same was made by Debtor.
30. Paragraph 30 is denied as overbroad in scope and merely stating a conclusion.

31. Paragraph 31 is admitted as to the amount contained in Mr. Conti's fee application for work during that period, however, the motions and/or objections were withdrawn by stipulation and any claim for sanctions or recovery of fees should have been raised at that time. It is not admitted that such were costs associated with frivolous conduct by Respondent.
32. Paragraph 32 is denied as untrue and patently offensive. Counsel in a civil manner has attempted to resolve Debtor's verbal and emailed objection, however, Debtor refused to cite any basis for objection prior to the filing of this motion.
33. Respondent denies paragraph 33.
34. Admitted as to the recitation of the attached and un-executed "agreement".
35. Respondent denies "trashing its solemn promise" as the "promise" alleged was not signed by Respondent and thus never solemnized.
36. Denied for the reason that Respondent could not negate an agreement that was not entered into.
37. Paragraph 37 is merely a prayer for relief. Respondent requests that the motion be denied in total

Wherefore, Respondent, City of Ypsilanti, requests that the motion be dismissed and the relief requested denied.

Dated: July 11, 2013
/s/ Robert B. Reizner      .
Robert B. Reizner P 36760
Attorney for Respondent
605 W. Michigan Avenue
Jackson, MI 49201
517 782-4922 rob@reiznerlaw.com