UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                               Chapter 13

Gary Steven Hann,                                    Case No. 12-53719

    Debtor.                                       Hon. Steven W. Rhodes
_____/

**ORDER DENYING MOTION FOR RELIEF
FROM ORDER DISMISSING CHAPTER 13 CASE**

    This order relates to a motion filed by the Debtor seeking relief from an order dismissing this Chapter 13 case. The background is as follows.

    On June 4, 2012, the Debtor filed this Chapter 13 case. On February 9, 2013, the Court entered an order (ECF No. 94) confirming the Debtor's second amended plan (ECF No. 89). The order confirming plan provided that claim number 1, held by the City of Ypsilanti ("City") would be treated as a class 5 claim "in the total amount of $8,000.00 to be paid directly by the Debtor, in accord with the Plan." The second amended plan provided that the City would receive the payment of $8,000.00 one month from the date of confirmation. On June 18, 2013, the City filed a motion to dismiss (ECF No. 144) this Chapter 13 case because the Debtor failed to make the payment. The Debtor filed a response, and the Court held a hearing on July 17, 2013. The Court found that the Debtor failed to make the $8,000.00 payment to the City, and entered an order (ECF No. 151) dismissing the case. On July 29, 2013, the Debtor filed a motion (ECF No. 155) requesting relief from the dismissal order pursuant to Fed. R. Civ. P. 59(e) and 60(b)(3). On August 12, 2013, the City filed an objection (ECF No. 158). The Court has

reviewed the motion, the objection and the entire court file, and concludes that the decision making process will not be advanced by conducting oral argument. Therefore, the Court will not schedule a hearing, but will decide the motion based upon the papers filed.

Fed. R. Civ. P. 59 is incorporated by Fed. R. Bankr. P. 9023 for application in bankruptcy cases. The rule provides that the Court may grant a new trial, or enter an amended judgment after trial. The rule has no application in this case because there was no trial. The City's motion to dismiss was heard by the Court on July 17, 2013 and was decided on the record at that time without a trial. Therefore, Fed. R. Civ. P. 59 does not help the Debtor.

Fed. R. Civ. P. 60 is incorporated by Fed. R. Bankr. P. 9024 for application in bankruptcy cases. Unlike Rule 59, Rule 60 is not limited to instances where there has been a trial. Instead, it authorizes relief from any judgment or order, provided that there are sufficient grounds for such relief. The Debtor's motion in this case relies upon Rule 60(b)(3), which authorizes the Court to relieve a party from a judgment or order where there is a showing of fraud, misrepresentation or misconduct by an opposing party. In this case, the Debtor alleges that the dismissal order entered on July 17, 2013, was obtained by perjury by counsel for the City. Specifically, the Debtor states that counsel for the City falsely stated that the City did not agree to the terms and conditions of a settlement agreement made on January 10, 2013 by the Debtor and the City.

The Court finds that the Debtor is not entitled to relief under Rule 60(b)(3) for the following reasons.

First, the settlement agreement attached to the Debtor's motion is signed only by the Debtor, not by the City. Therefore, to the extent that the Debtor relies upon that document, it is not an agreement that the City has signed.

Second, the Debtor's motion states that there was a hearing on January 10, 2013 in which the Debtor and the City "reached an Agreement in this very Courtroom." The Court has listened to the audio recording of the January 10, 2013 hearing, and there was no agreement between the Debtor and the City placed on the record at that hearing. The Debtor's counsel simply agreed to withdraw the Debtor's claim of exemptions and file an amended schedule with a new claim of exemptions.

Third, even if there was some agreement reached by the Debtor and the City at or about the time of the January 10, 2013 hearing, it does not follow that the dismissal order entered on July 17, 2013 was procured by fraud. That order dismissed this Chapter 13 case because the Debtor failed to make a payment of $8,000.00 within one month of confirmation as required by the order confirming plan and the second amended plan. At the hearing on July 17, 2013, the Debtor admitted that he did not make the $8,000.00 payment to the City as required by the order confirming plan and the second amended plan. The Debtor stated to the Court that he did not make the payment because he believed that the City had breached certain obligations that it had to him. But the Court at that hearing carefully reviewed the order confirming plan and the second amended plan, and did not find that there were any conditions in them to the Debtor's obligation to make the $8,000.00 payment within one month from the confirmation date. The Debtor's motion does not allege that the order confirming plan was obtained by fraud. It was

because the Debtor did not comply with *that* order that the Bankruptcy Court granted the City's motion to dismiss.

The facts alleged by the Debtor in his motion do not establish fraud by the City in connection with the Court entering either the order confirming plan or the order dismissing this case. The Debtor is therefore not entitled to relief under Rule 60(b)(3). Accordingly, for these reasons,

**IT IS HEREBY ORDERED** that the Debtor's motion for relief from or to alter or amend the Court's July 17, 2013 order dismissing this case is denied.

**Signed on September 04, 2013**

```
     /s/ Phillip J. Shefferly
   Phillip J. Shefferly
   Chief Bankruptcy Judge
   Acting in the absence of
   Judge Rhodes
```